CASE 12—PETITION ORDINARY—OCTOBER 4.

# Kash vs. Miller & Richart.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

The legal restriction of taxation of costs to three witnesses to the *same fact* does not imply that a party shall examine only three, if he choose to do so at his own cost. It was error in the circuit court to restrict the plaintiff to three witnesses and refuse to permit him to examine others on the question of the identity of a horse.

HOLT & HURST,                                    For Appellant,

CITED—

2 *Met.*, 538; *Kennedy & Bro. vs. Cunningham.*

2 *Bibb*, 33; *Maham vs. June.*

3 *J. J. Mar.*, 522; *Ewing vs. Price.*

1 *Mar.*, 579; *Haggin vs. Christian.*

3 *Bibb*, 224; *Mercer vs. Clark.*

3 *Bibb*, 35; *Bacon vs. Brown.*

4 *Dana*, 81; *Hargis vs. Price.*

1 *Bibb*, 570; *Price's ad'r vs. Cochran.*

3 *J. J. Mar.*, 420; *Reid vs. Langford.*

THOS. TURNER,                                    For Appellees,

CITED—

2 *Littell's Laws of Ky.*, 96.

*Civil Code, sec.* 657.

4 *Dana*, 168; *Kercheval vs. Ambler.*

5 *B. M.*, 519; *Waller vs. Logan.*

2 *J. J. Mar.*, 4; *Talbott vs. Talbott.*

5 *Littell*, 201; *Haddix vs. Haddix.*

4 *Bibb*, 194; *Hickman vs. Sutherland.*

4 *Bibb*, 563; *Wells vs. Phelps.*

2 *A. K. Mar.*, 349; *Chambers vs. Chambers.*

Kash vs. Miller & Richart.

13 *B. M.*, 225; *Semple vs. Hollenkamp.*

4 *Mon.*, 7; *Holmes vs. McKinney.*

1 *Marsh*, 188.

1 *Marsh*, 152, 335, 350.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On the question of identity in this action of replevin for a horse, the circuit court restricted the plaintiff, now appellant, to three witnesses, and would not permit him to examine more, though he offered to do so.

The legal restriction of the taxation of costs to three witnesses to the *same fact* does not imply that a party shall examine only three, if he choose to do so at his own cost.

On such a question as identity, which may be established by various circumstances—one witness testifying to one mark or sign, and other witnesses to others—more than three witnesses might become not only useful but necessary to establish the truth. Besides, the general fact of identity may depend on many incidental and subsidiary facts; and if, in the exercise of a sound discretion, the court might refuse to hear more than three witnesses to the same fact, *that* should be one of the auxiliary facts—as in this case, for example, a peculiar mark on the horse's nose, or its age, which were only two of several distinct facts conducing to prove the litigated fact of identity. The restriction in this case was the more important because the evidence, even as it was, preponderated decidedly against the verdict.

It seems to this court, therefore, that in restricting the appellant to three witnesses as to the general fact of identity, the circuit court erred to his prejudice.

Wherefore, the judgment is reversed, and the cause remanded for a new trial.